**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 13** |
| | § | |
| **LATASHA DENISE PARKER,** | § | |
| Debtor | | **Case No. 26-30806** |

**MOTION OF BAO NGUYEN AND PHUONG PHAM NGUYEN FOR RELIEF FROM THE AUTOMATIC STAY, INCLUDING RETROACTIVE ANNULMENT OF THE STAY**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 14 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney**

**There will be a hearing on this matter on September 9, 2026 at 9:00 a.m. in Courtroom 401, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF U.S. BANKRUPTCY JUDGE:

Bao Nguyen and Phuong Pham Nguyen (collectively, the "Movants"), secured creditors and holders of Proof of Claim No. 16, file this *Motion for Relief from the Automatic Stay, Including Retroactive Annulment of the Stay*, under 11 U.S.C. § 362(d)(1) and (2) and Federal Rule of Bankruptcy Procedure 4001. Movants seek retroactive annulment limited to the June 22, 2026 recording of a deed in lieu of foreclosure and prospective relief permitting Movants to exercise their nonbankruptcy remedies against the Property. In support, Movants state as follows:

1

## I.   BACKGROUND FACTS

1.     The real property that is the subject of this Motion is the Debtor's residence. Movants recognize that BLR 4001-1(f) ordinarily requires use of the Court's promulgated forms for a motion for relief from stay affecting an exempt residence. Exceptional circumstances justify variance from the standard Consumer Lift Stay Motion and order forms. This is not a routine motion based solely on missed mortgage payments. Movants seek retroactive annulment of the automatic stay concerning a deed in lieu that was executed prepetition but recorded postpetition while this bankruptcy case was pending.

2.     Debtor Latasha Denise Parker and her nonfiling spouse, Anthony B. Parker, have also commenced Adversary Proceeding No. 26-03255 against Movants and related parties. The adversary proceeding challenges the underlying transaction, Proof of Claim No. 16, the note, deed of trust, Rule 11 agreement, and related interests affecting the Property.

3.     The requested relief involves:

   a. retroactive annulment rather than only prospective termination of the stay;

   b. postpetition recording requiring an equitable determination by the Court;

   c. disputes concerning the validity and enforceability of interests affecting the Property; and

   d. coordination with a pending adversary proceeding concerning the same Property and indebtedness.

4.     These circumstances fall within the exceptional-circumstances provisions of BLR 4001-1(f), including the provision addressing disputes regarding the extent, validity, or priority of liens on the collateral.

5.      Movants therefore submit this customized Motion rather than the Court's routine Consumer Lift Stay Motion form.

## II.      JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the requested relief are 11 U.S.C. § 362(d)(1) and (2).

## III.      FACTUAL BACKGROUND

7.      Debtor Latasha Denise Parker commenced this Chapter 13 case on February 4, 2026. Debtor's nonfiling spouse, Anthony B. Parker, also executed the promissory note, deed of trust, Rule 11 agreement, and deed in lieu relating to the Property.

8.      The collateral is the real property commonly known as: 13030 Hawkins Bend Houston, Texas 77044 and legally described as: Lot Fourteen (14), Block One (1), SUMMERWOOD, SECTION THIRTY-THREE (33), a subdivision in Harris County, Texas, according to the map or plat thereof recorded under Film Code No. 653026 of the Map Records of Harris County, Texas (the "**Property**").

9.      Movants are the holders of a wraparound promissory note dated on or about January 15, 2025, in the original principal amount of $418,500.00, executed by Latasha Denise Parker and Anthony B. Parker. A true and correct copy of the note is attached as **Exhibit A**.

10.      The note is secured by a deed of trust against the Property recorded in the Official Public Records of Harris County, Texas, as Instrument No. RP-2025-94738. A true and correct copy of the recorded deed of trust is attached as **Exhibit B**.

11.      Movants filed Proof of Claim No. 16 in the amount of $444,763.71, asserting a fully secured claim against the Property.

3

12.    The Parkers defaulted under the loan documents shortly after the transaction closed. Although the first contractual installment was due in February 2025, the Parkers repeatedly failed to make full and timely payments. The account was paid only through the installment due June 15, 2025. The last funds received from the Parkers were $1,000.00 on January 21, 2026. A complete payment history is attached as part of **Exhibit C**.

13.    Movants caused notices of default, demand, and intent to accelerate to be provided before bankruptcy. A foreclosure sale was scheduled for January 6, 2026. On January 5, 2026, after negotiations through counsel, Movants and the Parkers entered into a written agreement under Texas Rule of Civil Procedure 11 in the parties' pending state-court litigation. A true and correct copy of the Rule 11 agreement is attached as **Exhibit D**.

14.    Under the Rule 11 agreement, the Parkers agreed that $36,671.98 was required to cure the existing payment default, paid $7,500.00 toward that amount, and agreed to pay the remaining $29,171.98 no later than 3:00 p.m. on February 5, 2026. The Parkers also executed a deed in lieu of foreclosure to be held in escrow, which could be released and recorded if they failed to make the required payment, and agreed that, upon default, they would surrender and vacate the Property.

15.    In reliance on the Rule 11 agreement, the January 6, 2026 foreclosure sale was cancelled or postponed. The Parkers did not pay the remaining $29,171.98. Instead, on February 4, 2026, one day before the settlement payment deadline, Latasha Denise Parker commenced this Chapter 13 case.

16.    Debtor initially filed her petition and plan without complete schedules and statements. Debtor's schedules and statements were not filed until March 19, 2026. Movants, acting without bankruptcy counsel, attempted to file a motion for relief from stay on March 11,

2026. That motion was struck for procedural deficiencies and was never adjudicated on its merits. The automatic stay was therefore not previously terminated, modified, or annulled.

17.    The Chapter 13 trustee moved to dismiss this case and did not recommend confirmation of Debtor's original plan. Debtor has filed multiple versions of her Chapter 13 plan, but no plan has been confirmed. On May 14, 2026, the Court continued the dismissal and confirmation matters conditioned on Debtor paying $5,000.00 to the trustee and filing an objection to Proof of Claim No. 16. A purported objection to Proof of Claim No. 16 was subsequently struck as improperly filed.

18.    Debtor and Anthony B. Parker later commenced Adversary Proceeding No. 26-03255, in which they challenge the amount and enforceability of Proof of Claim No. 16 and assert claims concerning the underlying transaction.

19.    The deed in lieu executed on January 5, 2026 was recorded on June 22, 2026, as Harris County Instrument No. RP-2026-245359. A true and correct copy of the recorded deed in lieu is attached as **Exhibit E**. At the time of recording, this bankruptcy case remained pending and no order granting relief from the automatic stay had been entered. Movants affirmatively disclose the recording and seek a determination from this Court concerning whether the stay should be annulled retroactively as to that act. The recording was not followed by an eviction, dispossession, sale, lease, transfer to a third party, or other attempt to obtain physical possession of the Property. Since learning that the prior motion for relief from stay was struck and that no relief had been granted, Movants have refrained from taking any additional action to enforce the deed in lieu or obtain possession of the Property.

20.    Movants do not seek to conceal or disregard the automatic stay. They bring the matter before the Court and request that the Court exercise its discretion under § 362(d) to annul the stay as to the June 22, 2026 recording.

### IV.    ARGUMENTS AND AUTHORITIES

### A.  Cause Exists Under 11 U.S.C. § 362(d)(1)

21.    Movants do not seek to conceal or disregard the automatic stay. They bring the matter before the Court and request that the Court exercise its discretion under § 362(d) to annul the stay as to the June 22, 2026 recording.

22.    Movants lack adequate protection because the loan has been contractually delinquent since 2025; no complete monthly installment has been received for any installment due after June 15, 2025; no funds have been received since January 21, 2026; and Debtor has failed to make the regular postpetition payments required under the note. Meanwhile, interest, escrow expenses, taxes, insurance, servicing charges, legal expenses, and other amounts continue to accrue, and the Property remains subject to an underlying mortgage obligation that must be kept current to protect the Property and Movants' collateral position. Any asserted equity cushion is minimal and continues to erode, no confirmed plan provides a reliable cure or adequate protection, and Debtor's challenge to the secured claim does not compensate Movants for the continuing diminution of their collateral position.

23.    As of the petition date, Proof of Claim No. 16 asserted a secured debt of $444,763.71. The amount due has continued to increase through postpetition interest and other amounts recoverable under the loan documents and applicable law. Debtor scheduled or otherwise represented the Property's value as approximately $457,700.00. Even accepting that valuation for purposes of this Motion, the difference between the asserted value and secured claim is insufficient

to protect Movants after considering postpetition accruals, costs of sale, taxes, insurance, maintenance, and the underlying mortgage obligation.

24.     Debtor has remained in possession of the Property since the bankruptcy filing without making the ongoing contractual payments to Movants. The prolonged nonpayment, lack of a confirmed plan, absence of meaningful adequate protection, thin or nonexistent equity cushion, and continuing delay constitute cause under § 362(d)(1).

### B.  Relief Is Also Appropriate Under 11 U.S.C. § 362(d)(2)

25.     Relief is also appropriate under § 362(d)(2) to the extent the Court determines that Debtor lacks equity in the Property and the Property is not necessary to an effective reorganization. Movants' secured claim was $444,763.71 as of the petition date and has increased through interest and other allowable charges. After considering the secured indebtedness, postpetition accruals, costs of sale, taxes, insurance, the underlying mortgage obligation, and other senior or unavoidable expenses, Debtor lacks meaningful equity in the Property.

26.     Under § 362(g), Debtor bears the burden of proving that the Property is necessary to an effective reorganization. No plan has been confirmed, regular postpetition payments have not been made, and Debtor has not demonstrated the ability to cure the arrearage while maintaining all future payments. The Property is therefore not necessary to an effective reorganization that is reasonably in prospect.

### V.     Waiver of Federal Rule of Bankruptcy Procedure 4001(a)(4)

27.     Federal Rule of Bankruptcy Procedure 4001(a)(4) ordinarily stays an order granting relief from the automatic stay for fourteen days after entry. Cause exists to waive that period because the loan has been in prolonged default, no regular postpetition payments have been made, Movants' collateral position continues to deteriorate, and prompt clarity is necessary concerning

the recorded deed and the parties' ability to proceed under nonbankruptcy law. Movants request that any order granting relief be effective immediately upon entry.

### **PRAYER**

WHEREFORE, Bao Nguyen and Phuong Pham Nguyen respectfully request that the Court enter an order:

a)  annulling the automatic stay retroactively to June 22, 2026, solely to the extent necessary to validate the recording of the Warranty Deed in Lieu of Foreclosure as Harris County Instrument No. RP-2026-245359;

b)  terminating or modifying the automatic stay prospectively to permit Movants to exercise their applicable nonbankruptcy remedies against the Property;

c)  alternatively, if the Court declines to annul the stay, terminating or modifying the stay prospectively to permit Movants to enforce their deed-of-trust remedies against the Property;

d)  waiving the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(4); and

e)  granting Movants such other relief concerning the automatic stay as is just and proper.

Dated: August 6, 2026

Respectfully submitted,

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck
Texas State Bar No. 24132103

8

The Law Office of Elias M. Yazbeck, PLLC
4119 Montrose Blvd., Suite 470
Houston, Texas 77006
Telephone: (281) 755-7320
Email: elias@yazbecklaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6 2026, a copy of the above and foregoing has been this date served electronically or mailed to the parties listed below.

The Motion was also served on all parties that requested notice, all parties known to claim an interest in the Property, and all parties against whom relief is sought, at the addresses shown on the Court's creditor matrix, Proofs of Claim, notices of appearance, and applicable public records.

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck

Latasha Denise Parker
13030 Hawkins Bend
Houston, Texas 77044-1435
Via first-class United States mail

James T. Ferguson
Counsel for Debtor
1 Riverway, Suite 1700
Houston, Texas 77056
Via CM/ECF and electronic mail at jamesfergusonattorney@gmail.com

Benjamin S. Campagna
Special Litigation Counsel for Debtor
18062 FM 529, Suite 212
Cypress, Texas 77084
Via CM/ECF and electronic mail at law@campagna.com

Tiffany D. Castro
Chapter 13 Trustee
1220 Augusta Drive, Suite 500
Houston, Texas 77057
Via CM/ECF

Office of the United States Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
Via CM/ECF

Anthony B. Parker
13030 Hawkins Bend
Houston, Texas 77044-1435
Via first-class United States mail

Union Home Mortgage Corporation
8241 Dow Circle W
Strongsville, OH 44136
Via first-class United States mail

## CERTIFICATE OF CONFERENCE

On July 23, 2026, at approximately 10:00 a.m., counsel for Movants contacted James T. Ferguson, counsel for the Debtor, by email to discuss the relief requested in this Motion and whether the matter could be resolved through an agreed order utilizing the Court's promulgated forms. Counsel for Movants advised that the Debtor is opposed to the relief sought.

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck