United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 10, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 26-30806** |
| **LATASHA DENISE PARKER,** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| | § | **CHAPTER 13** |

**ORDER**
**DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY, INCLUDING RETROACTIVE ANNULMENT OF THE STAY**
*Resolving Dkt. No. 62*

Pending before the Court is the "Motion for Relief from the Automatic Stay, Including Retroactive Annulment of the Stay" ("*Motion*") filed by Bao Nguyen and Phuong Pham Nguyen (together, "*Movants*") at Dkt. No. 62 on August 6, 2026. In their Motion, Movants seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to proceed with collection activity against the real property commonly known as 13030 Hawkins Bend, Houston, TX 77044 ("*Property*"), as well as retroactive annulment of the automatic stay with respect to the June 22, 2026 recording of a deed in lieu of foreclosure. Dkt. No. 62 at 1. Latasha Denise Parker ("*Debtor*") filed her "Response and Objection to the Motion for Relief from Automatic Stay and Request for Hearing" at Dkt. No. 65 on September 1, 2026. The Court held a hearing on the Motion on September 9, 2026.

Pursuant to § 362(d)(1), relief from the automatic stay may be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." The movant bears the initial burden to make a prima facie case that it is entitled to relief from stay under § 362(d)(1), after which the burden shifts to the debtor to prove the stay should remain in place. *HSH Nordbank AG v. Baytown Navigation, Inc. (In re Baytown Navigation, Inc.)*, No. 12-36, 2012 U.S. Dist. LEXIS 46910, at *8–9 (S.D. Tex. Apr. 2, 2012) (citing *In re WorldCom, Inc.*, No. 02-13533, 2003 Bankr. LEXIS 2440, at *11–12 (Bankr. S.D.N.Y. Jan. 30, 2003)); *Mooney v. Gill*, 310 B.R. 543, 547 (N.D. Tex. 2002) (collecting cases). Pursuant to § 362(d)(2), relief from the automatic stay may be granted "with respect to a stay of an act against property . . . if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." Pursuant to § 362(g), the movant has the ultimate burden of persuasion on the issue of the debtor's equity in the subject property, while the party opposing relief from stay has the burden of proof on all other issues.

Here, neither Debtor nor Movants appeared at the September 9, 2026, hearing on the Motion. With respect to relief from stay under § 362(d)(2), the Movants failed to present evidence concerning Debtor's equity in the Property, and thus Movants failed to carry their burden under § 362(g)(1). With respect to relief from stay under § 362(d)(1), the Movants failed to present evidence establishing a prima facie case of cause entitling Movants to relief from stay. Thus, the

burden of persuasion never shifted to Debtor pursuant to § 362(g)(2), and Movants cannot obtain relief from stay pursuant to § 362(d)(1). *Baytown Navigation,* 2012 U.S. Dist LEXIS 46910, at *9; *Mooney*, 310 B.R. at 547. Accordingly, it is hereby:

**ORDERED:** that

1. The "Motion for Relief from the Automatic Stay, Including Retroactive Annulment of the Stay" filed by Bao Nguyen and Phuong Pham Nguyen at Dkt. No. 62 on August 6, 2026, is DENIED without prejudice.

2. This Court retains exclusive jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SIGNED Thursday, September 10, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**